UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUDY BARNES, HANNA GESHELIN, and RICHARD McOMBER, individually and on behalf of the class of ELS employees that are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELS EDUCATIONAL SERVICES, INC., dba and aka ELS LANGUAGE CENTERS, and their parent and associated entities,<br><br>Defendants. | Case No. 4:14-CV-00188-EJL-REB<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement (Dkt. 5). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

BACKGROUND

On May 14, 2014, Plaintiffs Trudy Barnes, Hanna Geshelin and Richard McOmber filed a verified Complaint for Both Individual and Class Action (Dkt. 1). Plaintiffs were employed by ELS Educational Services, Inc. (ELS). Plaintiffs taught English to students who did not speak English as their primary language. Plaintiffs allege they were paid for a 30 hour workweek, but at a "minimum" should have been paid for a 40 hour workweek. Plaintiffs filed their action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 207. Plaintiffs claim their unpaid time included class preparation time, grading and entering grades, staff meetings, graduation lunch and discussion of grading reports.

Specifically, Ms. Barnes claims she worked for 51 sessions (without defining what constitutes a "session:) resulting in 378 hours at an average wage of $18 per hour for a total of $6,804 in unpaid wages. Ms. Geshelin alleges she taught 28 sessions and has unpaid wages for 1,216 hours at an average wage of $18 per hour for a total of $21,888 in unpaid wages. Mr. McOmber avers he taught 23 sessions of 56 total classes resulting in 1,373 hours at an average wage of $18.00 for a total of $24,714 in unpaid wages.

The Complaint does not state how the unpaid hours were calculated for each individual. It is also unclear from the Complaint what specific dates theses alleged unpaid hours were worked. These are critical missing facts as the FLSA has a two year statute of limitations unless a lawsuit can demonstrate that the employer "willfully" violated the law in which case the statute of limitations is extended to three years. 29

U.S.C. § 255. The Complaint does not allege ELS acted willfully. It is also unclear how many extra hours per workweek were worked by each Plaintiff. If the hours did not exceed 40 hours in one workweek, the extra time alleged may not be recoverable under the FLSA since Plaintiffs were paid a wage significantly exceeding the minimum wage in effect of $7.25 per hour. Plaintiffs' Complaint also sets forth the general requirements for a class action pursuant to Fed. R. Civ. P. 23, without specific facts satisfying Rule 23's requirements.

Defendants claim in their motion to dismiss that Plaintiffs cannot circumvent the FLSA by couching their cause of action as a class action and the FLSA does not recognize a claim for "gap time" unpaid wages for employees working up to 40 hours per week unless plaintiffs were paid less than the minimum wage for 40 hours of work $290 (40 hours * $7.25). Here, using the average hourly wage of $18 for 30 hours of work per week, it appears undisputed Plaintiffs earned at least $540 per workweek. Alternatively, Defendants argue Plaintiffs should be required to comply with the requirements imposed by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and plead more than a mere recitation of Rule 23 as a basis for the relief requested.

Plaintiffs argue it is premature for the Court to address the motion to dismiss as discovery has not begun and these matters should be raised in a motion for summary judgment.

## STANDARD OF REVIEW

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept [s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. 556-57).

Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. 675 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

The Court finds the Complaint filed by Plaintiffs to be grossly deficient of the necessary factual allegations necessary to support the claims. The Court also disagrees with Plaintiffs' counsel that motion to dismiss is premature and the Court should wait for discovery to be completed. The parties should already have conferred and exchanged initial disclosures "as soon as practicable." Fed. R. Civ. P. 26(f). The Court is mindful a scheduling order has not yet been issued and will issue a separate order forthwith so that excuses about discovery not proceeding may be nipped in the bud. A motion to dismiss requires the Court to accept as true the allegations of Plaintiffs set forth in the Complaint so discovery is not necessary for the legal argument presented by Defendants.

As to the gap time claim, this is a question of law that should be answered at this stage of the litigation. Plaintiffs have offered no support for their argument that gap time is compensable under the FLSA and they should have presented any argument in their response to the motion to dismiss. The Court agrees with ELS, that even though the Ninth Circuit has not specifically addressed this issue, as a matter of law this Court finds Plaintiffs cannot seek unpaid wages for "gap time" under the FLSA that does not exceed the 40 hour workweek. "No violation [of the FLSA's minimum wage requirements] occurs so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirements being equal to the number of hours actually worked that week multiplied by the minimum statutory requirement." *Maciel v. City of Los Angeles*, 569 F. Supp. 2d 1038, 1055 (C.D. Ca. 2008). The facts alleged in the Complaint do not establish a violation of the minimum wage being paid for 40 hours of work in this case where Plaintiffs were paid on average $18 per hour.

The "gap time" claim appears to have been rejected by all district courts in the Ninth Circuit that have addressed the issue. *See Lockhart v. County of Los Angeles*, 2013 U.S. Dist. Lexis 176096 (C.D. Ca. 2013), *Gilmer v. Alameda-Contra costa Transit District*, 2011 U.S. Dist. Lexis 126845 (N.D. Ca. 2011), *Farris v. County of Riverside*, 667 F.Supp.2d 1151 (C.D. Ca. 2009), *Abbe v. City of San Diego*, 2007 U.S. Dist. Lexis 87501 (S.D. Ca. 2007), *McElmurry v. U.S. Bank National Association*, 2005 U.S. Dist. Lexis (D. Or. 2005).

**MEMORANDUM ORDER - 6**

The Court finds in pay periods without overtime, there can be no violation of § 207 which regulates overtime pay. The Plaintiffs have all been compensated well in excess of the statutory minimum wage for all hours worked so there can be no violation of § 206. Therefore, there can be no violation of the FLSA for failure to pay gap time claims. See *Monacan v. County of Chesterfield*, 95 F.3d 1263, 1280 (4th Cir. 1996).

Plaintiffs argue in their response they are also claiming unpaid "overtime" wages for weeks where full-time employees Ms. Barnes and Ms. Geshelin worked more than 40 hours a week. These weeks, as well as the specific nature of the additional work required by the employer, are not identified in the Complaint. Failure to pay "overtime" for hours worked in excess of 40 hours in one workweek is a potentially a cognizable claim under § 207 of the FLSA. While the Complaint is vague regarding the specific factual allegations of dates where overtime pay is alleged not to have been paid for these two Plaintiffs,[1] the Court finds Plaintiffs should be allowed to amend their Complaint to see if factual allegations can be included to support a failure to pay overtime wages under the FLSA.

As to the class action argument, the Court finds the Complaint does not set forth a state cause of action for a class action and in order to bring a class action for FLSA violations, the Plaintiffs need to comply with the FLSA. The Ninth Circuit has held the

---

[1]Plaintiffs concede that for part-time instructors, such as Mr. McOmber, the total hours worked was probably less than forty hours per week, so his claim is limited to the "gap time" theory of recovery which has been rejected by this Court. See Dkt. 8, p.2.

**MEMORANDUM ORDER - 7**

FLSA class actions are not allowed under Fed. R. Civ. P. 23. *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528 (9th Cir. 2013) (under the FLSA a potential plaintiff is not bound by the class action judgment unless the plaintiff opts in to the lawsuit). Plaintiffs now acknowledge that this is the case, but argue they should be allowed to proceed with a class action under § 219 of the FLSA. A § 219 class action was not pled in the Complaint. Apparently, Plaintiffs seek leave to amend the Complaint to remove the Fed. R. Civ. P. 23 class action claims and submit class action allegations that satisfy § 219 of the FLSA.

Plaintiffs also appear to argue they should be allowed to amend the Complaint to add a state law claim for breach of express an implied contract for failure to pay wages for the "gap time" they were actually required to work.

Pursuant to Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." However, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A court should deny a request to amend "if permitting such an amendment would prejudice the opposing party, produce an undue delay in the litigation or result in futility for lack of merit." *Id.* Factors to consider in deciding a motion to amend include: bad faith, undue delay, prejudice to the opposing party, the futility of amendment; and whether plaintiff has previously amended its complaint. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The burden of establishing prejudice is on the party opposing amendment. *DCD Program v. Leighton*, 833 F.2d 183 (9th Cir. 1987).

**MEMORANDUM ORDER - 8**

Because ELS moves in the alternative to order Plaintiffs to make a more definite statement, the Court will allow Plaintiffs leave to amend but makes no findings at this time whether the Court will exercise jurisdiction over any state law claims. Absent a federal claim that survives, the Court normally declines supplemental jurisdiction over state law claims. Plaintiffs are ordered to file an Amended Complaint that "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs shall file the Amended Complaint within fourteen (14) days of the date of this Order. The Amended Complaint shall address the issues noted and include more specific factual allegations regarding the alleged unpaid overtime hours and dates such overtime occurred. The alleged class action pursuant to § 219 needs to set forth with particularity the facts that support the requirements for a class action under the FLSA not just merely restate the requirements in general.

Finally, based on another lawsuit filed by Plaintiffs' counsel, Plaintiffs' counsel appears to know information regarding the corporate structure and ownership of ELS. This Court will not take judicial notice of the facts alleged in the other lawsuit. Instead, Plaintiff must amend its pleadings based on the information it has in its possession so that proper parties are included in this lawsuit. Withholding known facts by Plaintiffs' counsel is certainly not a best practice.

ORDER

IT IS ORDERED:

1. Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement (Dkt. 5) is GRANTED IN PART AND DENIED IN PART. The FLSA claim for "gap time" is dismissed. Plaintiffs are granted leave to file an Amended Complaint to change their class action from an action under Rule 23 to an action under § 219 of the FLSA and to amend their claims to include a state law action for failure to pay non-overtime hours not paid under a breach of express or implied contract theory. The Amended Complaint will also provide a more definite statement of Plaintiffs specific claims. The Amended Complaint shall be filed within fourteen (14) days of the date of this Order.

DATED: **February 19, 2015**

Honorable Edward J. Lodge
U. S. District Judge